UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY ROY PARDO DEL-AGUILA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | Case No. 2:26-cv-02624-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

The petition for writ of habeas corpus is GRANTED. Although Petitioner filed a form petition without the benefit of counsel and his request for relief is unclear, Respondents concede that Petitioner is a Bond Denial Class member in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025). Dkt. 8 at 3. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Petitioner has shown that his mandatory detention under § 1225(b) violates the Immigration and Nationality Act ("INA"), entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Accordingly, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Gary Roy Pardo Del-Aguila's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 17th day of August, 2026.

Tiffany M. Cartwright
United States District Judge